IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED INDOOR FOOTBALL ASSOCIATION, a Nebraska non-profit corporation, | ) ) ) ) |
| Plaintiff, | ) 8:04CV592 ) ) |
| v. | ) ) MEMORANDUM AND ORDER |
| NATIONAL INDOOR FOOTBALL LEAGUE, LLC, an Ohio limited liability company, | ) ) ) ) |
| Defendant. | ) |

This matter is before the court on the plaintiff's motion to compel production of documents from two nonparties, Lincoln Football, L.L.C., and Game Over, Inc. (collectively, "deponents"). The dispute surrounds evidence in support of and in opposition to the pending motion to dismiss for lack of diversity of citizenship between the parties. Defendant has filed that motion claiming that deponents are Nebraska entities holding financial interests in the defendant, NIFL, and since the plaintiff has pleaded that it is a citizen of Nebraska, no diversity of citizenship exists. Filing 45, Exhibit 1. In response to the motion to dismiss, plaintiff served deponents with subpoenas for the production of documents as provided by **Fed. R. Civ. P.** 45. When plaintiff was provided only some of the requested documents, he spoke with counsel for deponents, who happen to be the same as for the defendant,[1] in an effort to

---

[1] The identity of which client is being represented at any given time is not always clear from the documents filed in connection with this motion. The responsive brief and evidence index were filed on behalf of the "defendant," but some of the documents filed, e.g. filing 46, Exhibits 4 and 6, are or appear to be in behalf of the deponents. Because the same attorneys represent both defendant and deponents, I have construed the responses to be made in behalf of all three entities.

obtain the requested documents, as required by NECivR 7.1(i). Counsel were unable to agree, so the motion was filed.

After the filing of the motion, however, defendant and deponents have provided some additional responsive documents, and, in addition, an affidavit of Mr. Bruce Bailey, President of Game Over, Inc., and "manager and sole member" of Lincoln Football, L.L.C.  It states that "all documents responsive to this request that I have in my possession were produced..." if they existed; that some documents were e-mails that were not kept; that some documents were destroyed in the ordinary course of business by various other third party possessors; that he has provided "all documents that I have in my possession and control"; and "[a]ny [Game Over, Inc.] documents that I have not provided . . . are being held by the Kearney [Nebraska] Convention Center management and staff and I have been unable up to this point to gain access to these documents."  Filing 45, Exhibit 1.  The latter is not explained, although the defendant's evidence includes a letter purportedly to FirstTier Bank in Lincoln from defendant's counsel requesting access to such documents, which are described as being "held hostage" by FirstTier in connection with a "guaranty dispute" with Mr. Bailey stemming from the Kearney Convention Center's "Trustee's sale." No explanation of these references is included in the evidence. Mr. Bailey's affidavit speaks only in terms of documents that he individually has or had in his possession; it does not purport to speak for the deponents.

Plaintiff has not filed a reply brief or any evidence in response to the defendant's evidence opposing the motion.  The evidence before the court does not state whether any subpoenas have been issued for production of any responsive documents to FirstTier Bank or the Kearney Convention Center, nor whether the

deleted e-mails on Mr. Bailey's computer have been or can be accessed, nor what efforts have been made to obtain the requested documents from the defendant directly.[2]

Rule 45 provides the procedure for obtaining "designated books, documents or tangible things in the possession, custody or control of the [subpoenaed] person...."  It states that a person or entity on which a subpoena for production of documents is served may object to the requests, thereby being excused from producing the documents requested until a motion to compel has been granted.  If documents are produced, they must be produced "as they are kept in the usual course of business...."  Rule 45(d)(1).  Rule 45 does not require recipients of subpoenas to create documents that don't already exist.  Nor does it require "heroic measures" to find documents not kept in the ordinary course of business; in fact, when ordering production over objection, the court is required to "protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded."  Rule 45(c)(2)(B).  "Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued."  Rule 45(e).

In this case the deponents have not objected to any of the requests.  They have, instead, taken the position that all of their documents have been produced if they exist.  Plaintiff's counsel apparently does not believe the responses of deponents or their counsel.  He argues that the requested documents are

---

[2] Plaintiff has now filed a second motion to compel the defendant to respond to plaintiff's discovery requests.  Some of the documents sought from defendant by that motion appear to overlap with those sought from deponents in this motion.  See, Filing 48.  That motion is not yet submitted for decision, and I do not consider it here.

relevant, that they must exist, and that plaintiff needs the documents to respond to the motion to dismiss.

With one exception, I think the deponents have the better of these arguments. Plaintiff may well need the requested documents in order to respond to the motion to dismiss, but saying that does not create any documents. Deponents cannot be ordered to produce something they do not have; they can, however, be ordered to search and to certify that they have nothing more that is responsive to the requests. Mr. Bailey's affidavit does not purport to speak for the deponents, but rather says only that *his own* documents have been produced. While likely only a technical error of omission, the plaintiff is entitled to know that a diligent search has been conducted and that, despite that effort, the *deponents* have no more documents.

IT THEREFORE HEREBY IS ORDERED,

The motion to compel, filing 37, is granted in this respect: Deponents, through their authorized officers or agents, shall provide to plaintiff within five working days, their sworn statements describing in detail the efforts they have made to produce all responsive documents in their custody, possession, or control, and that all of such documents have been produced or are being produced with the service of the statements. The motion is otherwise denied.

DATED this 27th day of May, 2005.

BY THE COURT

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge